FREDERICK H. HEINEMAN, Respondent, v. CITY INVEST-
ING COMPANY, Appellant.

*Accounting — joint venture — action for accounting of profits of a joint
venture.*

Heineman v. *City Investing Co.*, 209 App. Div. 883, affirmed.
(Argued December 19, 1924; decided January 21, 1925.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered June 6, 1924, unanimously affirming
a judgment in favor of plaintiff entered upon a decision
of the court on trial at Special Term.   The action was
in equity for an accounting of the profits in the possession
of the defendant arising from a joint adventure involving
the purchase and sale of real property in the borough of
Manhattan, New York city.   The plaintiff, as assignee,
sued upon two written contracts providing in the aggre-
gate for a fifteen per cent interest in the said profits.

*Edward F. Clark, Leonard J. Reynolds* and *Roger Hinds*
for appellant.

*Edgar M. Souza* and *Louis M. Loeb* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE,
ANDREWS and LEHMAN, JJ.   Absent: MCLAUGHLIN, J.

---

HARRY E. NOENING, Respondent, v. BEDFORD MILLS,
INC., Appellant.

*Contract — commissions — action to recover commissions under written
contract for services.*

Noening v. *Bedford Mills, Inc.*, 208 App. Div. 803, affirmed.
(Submitted December 19, 1924; decided January 21, 1925.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered June 21, 1924, affirming a judgment
in favor of plaintiff entered upon a verdict directed by
the court.   The action was to recover commissions
under a written contract by the terms of which defendant
employed plaintiff " as export manager " and agreed to

pay plaintiff " for such services $3500.00 a year in equal semi-monthly payments, and in addition thereto, to pay you $\frac{1}{2}$ of 1% (one-half of one per cent) on the net sales of the Export Department, during the continuance of this contract. In addition to the salary of $3500 and $\frac{1}{2}$ of 1% on the net sales of the Export Department, we agree to pay you $1\frac{1}{2}$% (one and one-half per cent) on the net sales of the Export Department made to customers in New York City where no other commissions are paid, commissions due you to be paid between the first and fifteenth of the following month." The contract was terminated by mutual consent before its expiration and the question at issue was whether plaintiff was entitled to commissions under the contract on all orders booked for export up to the time of his leaving or was confined to commissions on goods sold and actually shipped before that time.

*Leon Lauterstein* and *Milton Winn* for appellant.

*Samuel Hoffman* and *Edward Wise* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.

---

BANKERS TRUST COMPANY, Appellant, *v.* INTERNATIONAL
RAILWAY COMPANY, Respondent.

*Bills, notes and checks — action to recover balance due on note alleged to have been made for benefit of defendant though not made or indorsed by it.*

*Bankers Trust Co.* v. *International Ry. Co.,* 207 App. Div. 579, affirmed.

(Argued December 9, 1924; decided January 27, 1925.)

APPEAL from a judgment, entered January 16, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover a balance alleged to be due upon a promissory note made by the International Traction Company to